IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| K.J., by and through his next friend, Robyn Parks, | Civil Action No: 3:19-cv-01693-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Jacqueline Lowe, Connie Maxwell Children's Home, Tim Duncan, and Randy McManus, | |
| Defendants. | |

Plaintiff K.J., by and through his next friend, Robyn Parks, filed this action against Defendants Jacqueline Lowe ("Lowe"), Connie Maxwell Children's Home ("Connie Maxwell"), Tim Duncan ("Duncan"), and Randy McManus ("McManus") (collectively "Defendants") seeking monetary damages for negligence, gross negligence, and alleged violations of the Fourteenth Amendment to the United States Constitution. (ECF No. 1.)

This matter is before the court by way of Connie Maxwell, Duncan, and McManus' Motion to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) Plaintiff opposes this Motion in its entirety. (ECF No. 12.) For the reasons set forth below, the court **GRANTS** the Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and finds the remaining Motions to be **MOOT**.

I.         **RELEVANT BACKGROUND**

K.J. is a juvenile under the age of sixteen. (ECF No. 1 at 4 ¶¶ 11–13.) K.J. alleges that he became a ward of the South Carolina Department of Social Services ("SCDSS") at nine years old, and the SCDSS placed him at Connie Maxwell when he was eleven. (*Id.*) While living in the

Robert Black cottage at Connie Maxwell, K.J. alleges that on August 12, 2018, at around 1:00 a.m., he was sexually assaulted by a group of four other children. (*Id.* ¶ 14.) At the time of the alleged sexual assault, K.J. was approximately thirteen years old. While the assault was occurring, the "parent on duty" was allegedly asleep, as she was permitted to be. (*Id.*) As a result of the assault, K.J. alleges that he lost the opportunity to be adopted by a family and "his status as a sexual assault victim makes him less likely to be adopted." (*Id.* ¶ 16.)

On June 12, 2019, K.J.'s next friend and his social worker, Robyn Parks, filed this action against Connie Maxwell and individual defendants in leadership positions in relation to the facility.[1] (ECF No. 1; ECF No. 12 at 2.) On July 9, 2019, Connie Maxwell, Duncan, and McManus filed the instant Motion to Dismiss.

## II.     ANALYSIS

Connie Maxwell, Duncan, and McManus move the court to dismiss the Complaint pursuant to Rule 12(b)(1) arguing that "[Robyn] Parks lacks standing to pursue this action as the purported 'next friend' of" K.J. (ECF No. 6-1 at 2.) They assert that "[t]he burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." (*Id.* at 3 (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)).

Because the court "must always be mindful of its jurisdiction," it considers these jurisdictional arguments first. *E.g.*, *ACH Props. Inc. v. Contreras-Sweet*, Civil Action No. B–16–200, 2017 WL 1396093, at *4 (S.D. Tex. Jan. 19, 2017) (citation omitted). In this regard, the court observes that to be a "next friend," under *Hamdi v. Rumsfeld,* 294 F.3d 598, 603 (4th Cir. 2002),

---

[1] Lowe is alleged to be "the SCDSS Director of Licensing." (ECF No. 1 at 1–2 ¶ 2.) Duncan is alleged to be "an employee and Vice President for Programs at Connie Maxwell." (*Id.* at 2 ¶ 4.) McManus is alleged to be "the Campus Director for the Greenwood Campus of Connie Maxwell Children's Home." (*Id.* at 3 ¶ 5.)

there are two firmly rooted prerequisites. First, "[the] 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. *Id.*; *See Whitmore v. Arkansas*, 495 U.S. 149, 164, (1990). Furthermore, it has been suggested that "a 'next friend' must have some significant relationship with the real party in interest. *Hamdi v. Rumsfeld,* 294 F.3d 598, 603 (4th Cir. 2002).

In the Complaint, Robyn Parks' name is mentioned two times. The first is in the caption, and the second is contained within paragraph 1 of the Complaint and essentially reiterates the caption. (*See* ECF No. 1 at 1 ¶ 1.) The Complaint fails to set forth any details as to Parks' relationship with K.J., or make any allegations as to how she is in fact qualified to be K.J.'s "next friend." There are no assertions for the court to gauge whether or not Robyn Parks qualifies as K.J.'s "next friend."[2] While it appears that Robyn Parks may be connected to K.J. through her employment as a social worker, the Complaint is void of allegations of the nature of these connections sufficient to grant her "next friend" status.

### III. CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** the Motion to Dismiss of Defendants Connie Maxwell Children's Home, Tim Duncan, and Randy McManus and

---

[2] In her Response in Opposition to the Motion to Dismiss, Parks expressed her willingness "to amend her complaint" to provide facts demonstrating the significant relationship she has with K.J. (ECF No. 12 at 4.) Presently, there is neither an express motion to amend nor a proposed amended complaint for the court's consideration. Accordingly, the court's focus is purely on the allegations of the Complaint.

3

**DISMISSES WITHOUT PREJUDICE**[3] the Complaint against them for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 6.) Because the court lacks subject matter jurisdiction, the remaining pending Motions to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure are **MOOT**.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 21, 2020
Columbia, South Carolina

---

[3] Generally, when a court grants a party's Rule 12(b)(1) motion to dismiss, the decision does not constitute a judgment on the merits, and is therefore without claim preclusive or res judicata effect. *Farquhur v. United States*, C/A No. 1:07cv1033, 2007 WL 4233492, at *2 (E.D. Va. Nov. 28, 2007) (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)).