IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| K.J., by and through his next friend,<br>Robyn Parks, Guardian ad Litem<br><br>                    Plaintiff,<br><br>                    v.<br><br>Jacqueline Lowe,<br>Connie Maxwell Children's Home,<br>Tim Duncan, and Randy McManus,<br><br>                  Defendants. | Civil Action No.: 3:19-cv-01693-JMC<br><br>**ORDER AND OPINION** |

Plaintiff K.J., by and through his next friend, Robyn Parks, filed this action against Defendants Jacqueline Lowe ("Lowe"), Connie Maxwell Children's Home ("Connie Maxwell"), Tim Duncan ("Duncan"), and Randy McManus ("McManus") seeking monetary damages for negligence, gross negligence, and alleged violations of the Fourteenth Amendment to the United States Constitution. (ECF No. 1.)

This matter is before the court for review of Defendants Duncan and McManus' (together "Defendants") Motion for Partial Dismissal for Failure to State A Claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 43.) For the reasons stated herein, the court **DENIES** this Motion.

                **I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

K.J. is a juvenile under the age of sixteen. (ECF No. 1 at 4 ¶¶ 11–13.) K.J. alleges that he became a ward of the South Carolina Department of Social Services ("SCDSS") at nine years old, and the SCDSS placed him at Connie Maxwell when he was eleven. (*Id.*) While living in the Robert Black cottage at Connie Maxwell, K.J. alleges that, on August 12, 2018, at around 1:00

1

a.m., he was sexually assaulted by a group of four other children. (*Id.* ¶ 14.) At the time of the alleged sexual assault, K.J. was approximately thirteen years old. (*Id.*) While the assault was occurring, the "parent on duty" was allegedly asleep, as she was permitted to be. (*Id.*) As a result of the assault, K.J. alleges that he lost the opportunity to be adopted by a family and "his status as a sexual assault victim makes him less likely to be adopted." (*Id.* ¶ 16.)

On June 12, 2019, K.J.'s next friend and his social worker, Robyn Parks, filed this action against Connie Maxwell and individual defendants in leadership positions in relation to the facility[1]. (ECF No. 1; ECF No. 12 at 2.) On July 9, 2019, Connie Maxwell, Duncan, and McManus filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 6), which this court granted. (ECF No. 33.) On April 9, 2020, Plaintiff filed his Amended Complaint. (ECF No. 42.) On April 22, 2020, Defendants filed this instant Motion to Dismiss for Failure to State A Claim. (ECF No. 43.) On May 5, 2020, Plaintiff filed a Response in opposition to this Motion (ECF No. 46), to which Defendants filed a Reply on May 12, 2020. (ECF No. 49.)

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled

---

[1] Lowe is alleged to be "the SCDSS Director of Licensing." (ECF No. 1 at 1–2 ¶ 2.) Duncan is alleged to be "an employee and Vice President for Programs at Connie Maxwell." (*Id.* at 2 ¶ 4.) McManus is alleged to be "the Campus Director for the Greenwood Campus of Connie Maxwell Children's Home." (*Id.* at 3 ¶ 5.)

to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III.    ANALYSIS

Defendants contend that the Fourteenth Amendment claims asserted against them in the First Amended Complaint (ECF No. 42) fail to state a claim upon which relief can be granted. (ECF No. 43 at 1.) Specifically, Defendants argue that Plaintiff was not deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was not committed under color of state law. (ECF No. 43-1 at 3.)

In the Amended Complaint, Plaintiff asserts that his Fourteenth Amendment rights to a safe and secure placement were violated by Defendants, and that "under 42 U.S.C. § 1983, persons (including corporations) acting under color of state law are liable for violating constitutional rights." (ECF No. 42 at 10 ¶¶ 39, 40, at 11 ¶¶ 46, 47.) In support of his assertions, Plaintiff made the following allegations regarding Defendants' conduct: (1) Allowed K.J. to be placed at Connie Maxwell without adequate supervision; (2) Failed to adequately supervise K.J. and the children

3

that assaulted him; (3) Failed to properly screen the children that Connie Maxwell was providing services to; (4) Failed to properly train its staff to supervise and assess the children it serves to protect them from sexual assault; and (5) Failed to provide adequate 24-hour supervision at Connie Maxwell. (ECF No. 42 at 10 ¶ 41, at 11 ¶ 48.)

Defendants first contend that because the Fourteenth Amendment right allegedly violated—the right to be protected from the private violence of other residents—was not "clearly established" by controlling, pre-existing law, they cannot be held liable for allegedly violating those rights even if all of the factual allegations are true. (ECF No. 43-1 at 4–5.) Generally, states do not have an affirmative duty to protect individuals from private parties, but with two exceptions. One is the "special relationship" exception: when a custodial relationship exists between the plaintiff and the State such that the State assumes some responsibility for the plaintiff's safety and well-being. *Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir. 2012) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 198–202 (1989)). The other is the "state-created danger exception": when "the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known and obvious danger[.]'" *Id.*

In the context of foster care, the Supreme Court has long recognized children's constitutional rights to be safe and secure. In *Youngberg v. Romeo*, where the mother of a mentally retarded person involuntarily committed to a Pennsylvania state institution filed a complaint pursuant to 42 U.S.C. § 1983 seeking damages against the institution's officials, the Court held that "the right to personal security constitutes a 'historic liberty interest' protected substantively by the Due Process Clause." 457 U.S. 307, at 310, 315 (1982). Since *Youngberg* was issued, multiple federal circuit courts have also recognized a constitutional right to personal security and a reasonably safe environment when the state takes a person into custody. *See M. D. by Stukenberg*

4

*v. Abbott*, 907 F.3d 237, 250 (5th Cir. 2018); *Yvonne L., By & Through Lewis v. New Mexico Dep't of Human Servs.*, 959 F.2d 883, 981–92 (10th Cir. 1992).

Here, Plaintiff asserts that he is currently still in the custody and care of SCDSS. (ECF No. 42 at 1 ¶ 1.) Plaintiff alleges SCDSS entrusted Connie Maxwell and its employees, including Defendants, to provide housing and services to children in its custody, and to ensure they are safe and receiving adequate care. (*Id.* at 2 ¶ 3.) Further, Plaintiff alleges that Defendants were deliberately indifferent upon the notice of danger in failing to provide adequate supervision and training to staff. (*Id.* at 10 ¶ 41, 11 ¶ 48.) Taking these allegations as true, there exists a custodial relationship between Plaintiff and Defendants. Moreover, Plaintiff has a recognized right to be safe and secure while being placed at Connie Maxwell under Defendants' supervision.

Defendants cite *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 197 (1989) and *White by White v. Chambliss*, 112 F.3d 731, 737 (4th Cir. 1997) in support of their argument that states have no affirmative duty to protect individuals from private violence, therefore, a failure to do so is not violative of the Fourteenth Amendment. (ECF No. 43-1 at 4.) However, these two cases are distinguishable from the instant one. In both *DeShaney* and *White*, the harm to the children was done by a private third party (the father of the child and the foster parents), and plaintiffs sought to hold state officials and social workers liable for the injuries. 489 U.S. 189 at 191; 112 F.3d at 734. Here, Plaintiff is not alleging Defendants are responsible for protecting him from the injury caused by other private individuals; instead, he alleges that the Defendants' action in failing to provide adequate supervision, training to staff, or screening of children while working for Connie Maxwell in itself violates his constitutional rights to a safe and secure placement.

Defendants then assert that they did not act under color of state law as required in a § 1983

5

action, that they are not state actors. (*Id.* at 9.) Defendants argue that their employer, Connie Maxwell, is a private nonprofit organization, and the fact that Connie Maxwell may be regulated by SCDSS in some respects does not transform its employees into state actors. (*Id.*) Defendants cite a number of circuit court rulings in which foster parents are not recognized as state actors. (ECF No. 49 at 4–5 (*see e.g. Ismail v. Cty. of Orange*, 693 F. App'x 507, 512 (9th Cir. 2017) ("[m]erely serving as a foster parent does not transform a private party into a state actor."); *Rayburn v. Hogue*, 241 F.3d 1341, 1349 (11th Cir. 2001) ("[The court] simply cannot conclude that by extending the Georgia Torts Claim Act to foster parents, the State of Georgia became a "joint venturer[]" with the [defendant] in effecting the particular conduct underlying the [plaintiff's] complaint.")).) However, in those cases, the action of those private parties are much less entwined with the state, as opposed to the instant case.

In opposition, Plaintiff relies on *Conner v. Donnelly*, 42 F.3d 220, 223-224 (4th Cir. 1994), where the court delineated three situations in which a private party's conduct constitutes state action:

> First, a private party that is regulated by the state acts under color of state law where there is a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Blum v. Yaretsky* 457 U.S. at 1004 (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 42 L. Ed. 2d 477, 95 S. Ct. 449 (1974)). Second, a private party acts under color of state law where the state, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state. 457 U.S. at 1004. Finally, a private party acts under color of state law where "the private entity has exercised powers that are 'traditionally the exclusive prerogative of the state.'" *Id.* at 1005 (citing *Jackson*, 419 U.S. at 353).

Here, Plaintiff alleges enough facts for a viable claim that Defendants were acting as state actors. SCDSS licensed Connie Maxwell to provide housing and services to children in SCDSS's custody, its employees are heavily regulated, and Connie Maxwell and its employees were

6

entrusted with implementing SCDSS's constitutional duty to ensure that children placed in the facility are safe and receiving adequate treatment on a day-to-day basis. (ECF No. 42 at 2–3 ¶ 3.) Specifically, Plaintiff allegedly is a ward of SCDSS, and the SCDSS placed him at Connie Maxwell. (ECF No. 1 at 4 ¶¶ 11–13.) On the face of these facts, there is sufficient nexus between the State of South Carolina and Defendants to warrant a viable constitutional claim.

### IV.    CONCLUSION

After a thorough review of Defendants' Motion for Partial Dismissal (ECF No. 43), the court **DENIES** this Motion.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 29, 2020
Columbia, South Carolina